IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CURTIS COOPER, | § | |
| | § | No. 307, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1911001061 |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: June 27, 2022
Decided: August 8, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) On July 9, 2021, a Superior Court jury found the appellant, Curtis Cooper, guilty of possession of heroin as a lesser included offense of drug dealing, aggravated possession of heroin, and resisting arrest in Cr. ID No. 1911001061. The drug offenses merged for sentencing. At sentencing on September 3, 2021, Cooper pleaded guilty to offensive touching and noncompliance with bond in Cr. ID No. 2010005299. The Superior Court sentenced Cooper as follows: (i) for aggravated possession, effective October 27, 2020, three years of Level V incarceration

suspended immediately for decreasing levels of supervision; (ii) for resisting arrest, one year of Level V incarceration suspended for one year of Level III probation; and (iii) for each conviction in Cr. ID No. 2010005299, thirty days of Level V incarceration suspended for one year of Level III probation.[1] This is Cooper's direct appeal in Cr. ID No. 1911001061.

(2) On appeal, Cooper's counsel ("Counsel") filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Cooper of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Cooper of his right to identify any points he wished this Court to consider on appeal. Cooper has not provided points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally

---

[1] We note that a modified sentencing order entered on October 28, 2021 includes a suspended sentenced for the possession of heroin conviction. The sentencing order notes still correctly state that the possession charge merged with the aggravated possession charge for sentencing purposes.

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(5) This Court has reviewed the record carefully and has concluded that Cooper's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Cooper could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).